133 So.2d 516

**T. Wilmer SHIELDS, administrator of estate of James Sidney Breckenridge, dec'd**

**v.**

**Robert Lee CASTLEBERRY, pro. ami.**

**2 Div. 44.**

Court of Appeals of Alabama.

Oct. 3, 1961.

John F. Taylor, Jr., Demopolis, for appellant.

Lloyd & Dinning, Demopolis, for appellee.

HARWOOD, Presiding Judge. .

The evidence presented below shows that Robert Lee Castleberry, James S. Breckenridge, Rodney. Etheridge and Harold Downey had gotten together and had spent an afternoon riding around in an automobile owned by Breckenridge. Around 2:30 in the afternoon they had drunk some beer. It appears that at various times different ones of the group would drive Breckenridge's car. Late in the afternoon they stopped by a country store in Marengo County for some snacks. When they left the store Breckenridge got under the wheel of his own car to do the driving. A short while later, and while Breckenridge was driving at a speed of 115 to 120 miles per hour, the car left the road at a curve and turned over several times. Breckenridge, the driver and owner of the car, died in the accident.

The plaintiff received severe injuries, including five fractures of his pelvis bone; a fracture and dislocation of his left clavicle, injury to his bladder, and other injuries. He was first taken to a hospital in Marengo County, and the next day was removed to a hospital in Andalusia. After one day in the Andalusia hospital he was taken to a hospital in Pensacola for attention by a specialist in orthopedic surgery. Altogether, the plaintiff spent some fourteen days in the hospital, and was under the care of physicians for some time thereafter. The injury to his clavicle has resulted in a partial total disability. Medical witnesses testified that the injuries caused great pain and suffering and the appellant's testimony is to the same effect and that he is still suffering pain from his injuries.

During the trial below the plaintiff testified that at the time of his injuries he had been working for the International Paper Mill in Mobile, Alabama. When his attorney addressed questions to the plaintiff in his direct examination seeking to elicit evidence to the effect that the plaintiff could not return to his job because of his disability resulting from the accident, the court sustained the defendant's objections to such questions, and informed the attorneys for the plaintiff that compensatory damages could not be recovered in this action.

In his oral charge to the jury the court instructed the jury as follows:

"* * * As the Court stated to you, the Plaintiff seeks exemplary or

punitive damages. Compensatory damages, that is, damages for the loss suffered by him, can not be awarded in this case. Only exemplary or punitive damages can be awarded. * * *"

Counsel for the plaintiff below reserved an exception to the above portion of the court's oral charge in the following language:

"The Plaintiff excepts to that portion of the oral charge of the Court relating to whether compensatory damages as such may be allowed under the guest statute of the State of Alabama."

Previously in his oral charge the court had instructed the jury fully as to the liability of the owner or operator of an automobile for injuries to a guest riding in his automobile caused by willful or wanton misconduct of such owner or operator of the automobile in operating the same.

The jury returned a verdict in favor of the plaintiff and assessed damages in the amount of $10.

Thereafter the plaintiff filed a motion for a new trial, and after hearing the court granted such motion and set aside the judgment theretofore rendered.

This appeal is from the order of the court granting the motion for a new trial and setting aside the judgment.

Among the numerous grounds assigned in support of the motion for a new trial are several to the effect that the court erred in its oral charge in instructing the jury that compensatory damages could not be recovered by the plaintiff in this cause.

■ Counsel for appellant, the defendant below, argues, first, that the exception to the court's oral charge was not timely made. In this connection counsel relies upon City Council of Montgomery v. Gilmer & Taylor, 33 Ala. 116, which holds that an exception to a charge given by the court to a jury comes too late if taken after the jury leaves the bar. The present record shows that the exception to the court's oral charge was taken immediately upon the conclusion of the court's charge to the jury. The exception was therefore timely made.

■ Secondly, counsel argues that the exception reserved is in terms too general to invoke our review.

We cannot attach merit to this argument. In our opinion the exception was entirely sufficient to have informed the court of the plaintiff's disagreement to that portion of the oral charge wherein the court informed the jury that compensatory damages could not be awarded in this case. Particularly is this true in view of the court's full instructions to the jury as to liability under our automobile guest statute.

Thirdly, counsel argues that if compensatory damages are recoverable under the Alabama guest statute (Sec. 95, Tit. 36, Code of Alabama 1940) then such conclusion would be in conflict with our wrongful death or "homicide" act (Sec. 123, Tit. 7, Code of Alabama 1940).

■ Without intimating if any merit attaches to the above argument, we pretermit consideration thereof for the reason that this is an action brought under the theory of our automobile guest statute. Our wrongful death or "homicide" act, supra, has no application in that the wrongful death or "homicide" act applies to those situations wherein the wrongful act caused a death for which damages are sought. Here the plaintiff is alive.

■ While it is true that the tort feasor in the present case was killed in the accident, any action or cause of action arising therefrom survived against his personal representative. Sec. 150, Tit. 7, Code of Alabama 1940.

■ In McDonald v. Amason, 39 Ala. App. 492, 104 So.2d 716, this court, speaking through Cates, J., held that proof of willful and wanton negligence in action under the guest statute does not exclude the awarding of compensatory damages where there is proof of such compensatory

damages. The reasons and authorities for such conclusions are fully set forth in Judge Cate's opinion, and we will not reiterate them in this opinion.

The inadequacy of the award in the present case in view of proof of the serious nature of the plaintiff's injuries, of his pain and suffering, and of his loss of earnings, is self-evident, both in fact and in law. The judgment of the lower court granting the appellee's motion for a new trial and setting aside the judgment was proper and is due to be affirmed.

Affirmed.