199 So.2d 78

**CULLMAN–JEFFERSON COUNTIES
GAS DISTRICT**

v.

**W. C. REEVES.**

**6 Div. 342.**

Supreme Court of Alabama.

Feb. 2, 1967.

Rehearing Denied June 1, 1967.

St. John & St. John, Cullman, for appellant.

68

Fred Folsom, Cullman, Roscoe Hogan and Jenkins, Cole, Callaway & Vance, Birmingham, for appellee.Fred Folsom, Cullman, Roscoe Hogan and Jenkins, Cole, Callaway & Vance, Birmingham, for appellee.

SIMPSON, Justice.

This is an appeal from a judgment rendered on a jury verdict in the Circuit Court of Cullman County. W. C. Reeves filed the action under the wrongful death statute for the death of his thirteen-year-old son, who was killed on February 16, 1962. The suit when finally tried went to the jury against defendants James Fred Branch and the Cullman-Jefferson Counties Gas District, a corporation. The jury returned a verdict in favor of plaintiff against both defendants in the amount of $17,500. The counts on which the verdict was returned in essence charge that the plaintiff's son was killed when struck by an automobile driven by James Fred Branch; that Branch hit the Reeves boy when he swerved or turned his car suddenly to avoid a dangerous defect in the street which the appellant Gas Company had failed to properly repair and that the death was proximately caused by the combined and concurring negligence of both defendants.

Mr. Branch has not appealed. Following the judgment the appellant filed motion for a new trial which was denied. This appeal followed.

Assignments of Error
1 through 4

■ These four assignments deal with the court's failure to give at the request of defendant-appellant the affirmative charge with and without hypothesis. In reviewing the propriety of the court's action in this regard we are compelled to view the entire evidence in its most favorable aspect for the plaintiff-appellee and must allow such inferences as the jury was free to draw therefrom, and not such inferences as this court might think more probable. Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228.

As we understand the argument of appellant, it is that the plaintiff failed to prove actionable negligence on the part of the Gas Company in that there was no evidence tending to show that the Gas Company owed any duty to the plaintiff's intestate, and if so, that there was no evidence tending to show that the death of plaintiff's intestate was proximately caused by any negligence on the part of the Gas Company.

■ Viewing the evidence most favorably to the plaintiff, as we are constrained to do under the foregoing rule of long standing, we are of the opinion that there are tendencies of the evidence which support a reasonable inference that the accident which killed this young boy was caused by the fact that there was a large depression in the street along which he was walking at the time; that this depression had been there for a considerable period of time; that it was caused by the Gas Company and that if not the Gas Company has and maintains in the street certain valve boxes around which there was a depression causing the top of the boxes to be above the level of the ground. There was evidence to the effect that the Gas Company had been called upon to repair the condition of their boxes or otherwise remedy the condition existing. The individual defendant Branch testified that at the time of the accident he was driving about 40 to 45 miles per hour and that he went around the hole on the right and tried to avoid the hole but that his car hit something and bounced. Other witnesses testified that they saw the Branch car bounce and swerve after hitting the hole and then he hit the boy who was walking along the curb. There is evidence in this case from which the jury could have found that the Gas Company was negligent in failing to remedy the condition caused by their boxes in a heavily traveled street and to guard against the injury to persons using that street. We are unimpressed with the appellant's argument to the effect that the Gas Company had no duty to maintain the road and that that responsibility rested with the State or the municipal authorities. We have long been committed to the proposition that one using a public way for its own purposes, even with permission, must use due care to avoid injury to the traveling public. 25 Am.Jur., Highways.

■ We have carefully read the evidence in this case. We are convinced that the trial court properly submitted the issues to the jury. There is unquestionably here evidence from which the jury could have found that the Gas Company allowed its valve boxes to project beyond the surface of the street, that it had notice that there was a depression in the street, caused by the ground sinking around its boxes, that it had in the past made repairs around its boxes, that this condition along with the conduct of the defendant Branch proximately caused the injury to the plaintiff's intestate. We find no error in the court's refusal to grant the affirmative charges requested by the Gas Company.

Assignments of Error
5 and 6

■■ Assignment of Error No. 5 complains of the court's refusal to give the following requested charge:

" 'I charge you Gentlemen of the Jury, that the "proximate cause" of an injury is the primary moving cause without which it would not have been inflicted, but which, in the natural and probable sequence of events and without the intervention of any new or independent cause, produces the injury.' "

Assignment No. 6 complains of the refusal of the following requested charge:

" 'I charge you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in this case that some independent agency has intervened and has been the immediate cause of the injury resulting in Roger Dale Reeves' death, even though a party is guilty of negligence in the first instance, that party is not responsible."

The court orally charged the jury as follows:

"Now, Gentlemen of the Jury, I charge you that an injury to be a proximate result of a negligent act or omission, and this injury here was death, must be the natural and probable result thereof, and be of such character as an ordinarily prudent person ought to have foreseen as likely to occur as a result of the negligence although it is not essential that the person charged with negligence should have foreseen the precise injury which resulted from his act, and put in another way, Gentlemen of the Jury, an intervening and efficient cause is a new and independent force which breaks the casual [sic, causal] connection between the original wrong and the injury, and itself becomes the direct and immediate cause of the injury, but the intervention of independent, concurrent or intervening forces will not break the casual [sic, causal] connection if the intervention of such forces was itself probable and foreseeable.

"So, I charge you Gentlemen of the Jury, you must look to all of the evidence in this case to see whether or not first, there was negligence on the part of each or both, of these defendants; and whether or not there was a casual [sic, causal] connection between the negligent acts of these defendants and if, Gentlemen of the Jury, from all of the evidence you should find negligent acts or actions."

We have repeatedly held that the trial court will not be put in error for refusing to give at the request of a litigant charges, where the principle sought to be stated therein is given to the jury in the court's oral charge or in other given charges. Title 7, § 273, Code; First National Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18; Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 74 So.2d 266; Ala. Digest, Trial, ☜ 260(1). We think clearly the substance of the principles covered in these two charges was adequately covered in the court's oral charge to the jury. We will not, therefore, predicate error on its refusal to give these two.

### Assignment of Error 7

■ Here the appellant contends the court erred in refusing the following requested charge:

"The Court charges you that the burden of proof rests upon the plaintiff in this case to prove to your reasonable satisfaction from the evidence the truth of each and every material averment of the complaint."

The substance of the matter contained in this requested charge was covered both in the court's oral charge and in Charge No. 23 given at the request of the appellant. There was, therefore, no error in refusing to give this charge.—Authorities, supra.

### Assignments of Error 11, 12, and 13

■ Each of these assignments complains of the court's refusal to give certain requested charges. One concerns inform-

ing the jury that only punitive damages are awardable in a death action in Alabama. The court gave two charges at the request of appellant (Charges 4 and 5) which substantially cover this issue. There was no error in refusing to give additional ones on the same point. Likewise with respect to requested and refused charges on the law with regard to there being no presumption of negligence on the part of defendant, the court clearly covered this issue and gave at the request of appellant Charge No. 11 which is practically identical to the one which it now complains was error to refuse. The last assignment of error deals with refusal of a charge going to the question of whose responsibility it was to repair the street here involved. The court gave at the request of appellant several charges on this point, which adequately covered this principle.

Assignments of Error<br/>8, 9, and 10

These assignments deal with the court's refusal to grant a motion for new trial and contend that the evidence is inadequate to support the judgment rendered. This case was fairly tried. The jury was exceptionally well charged. The court properly submitted the issues to the jury. The jury returned its verdict against the two defendants involved. The appellant, one of the defendants, filed a motion for new trial. It raised in that motion the question of the sufficiency of the evidence to support the judgment. The trial judge who heard the evidence and saw the witnesses denied the motion. This court would be presumptuous to reverse the action of that court on the record before us. We will not burden the reports with a further lengthy recital of the evidence. Suffice it to say that there was evidence from which the jury could have found that the plaintiff's intestate was killed as a result of the concurring negligence of each of these defendants. The trial court obviously believed that a jury question was made out and the judgment rendered on the verdict returned by that jury is presumed to be correct. That presumption is strengthened by the court's refusal to grant a new trial. We are compelled to affirm.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

