232 So.2d 683

### INSTITUTIONAL GROCERS, INC.

v.

### Braxton B. BELL, Jr.

### 3 Div. I.

Court of Civil Appeals of Alabama.

Feb. 4, 1970.

Rehearing Denied Feb. 18, 1970.

Rushton, Stakely, Johnston & Garrett, Montgomery, for appellant.

Patterson & Rinehart, Montgomery, for appellee.

504

WRIGHT, Judge.

This appeal arises out of a suit filed in the Circuit Court of Montgomery County, Alabama, by appellee, Braxton B. Bell, Jr. against appellant, Institutional Grocers, Inc., a corporation.

The basis of the suit was an automobile accident occurring in the City of Montgomery. The suit contained two counts, one on negligence and the second on wanton conduct.

At the conclusion of the testimony the court granted appellant's request for the affirmative charge as to wantonness and the matter went to the jury on the negligence count only.

A verdict was returned in favor of appellee with damages assessed at $500.00. Judgment was entered in accordance with the verdict.

Appellee filed a motion for a new trial, charging, among other grounds, that the verdict was inadequate and that there was no evidence to support the amount of damages given. Briefs were filed and the motion was argued before the court. On January 24, 1968, the court granted the motion for a new trial on the specific ground #1, and stated in its judgment that it was the opinion of the court there was no evidence upon which the jury could have based a verdict of $500.00 for it was undisputed that plaintiff's medical expenses and lost wages were substantially in excess of $500.00.

From the judgment granting the motion for a new trial this appeal was taken by defendant below.

The only assignment of error to be considered is the trial court's granting of the motion for a new trial, and that is limited to ground #1, referred to in the judgment, as the court found that the other ground of the motion was not well taken.

The case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, long ago established the basic rules under which an appellate court reviews the trial court's action in granting or refusing a motion for a new trial. We quote from that decision:

"* * * When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial. No court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. But, when there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. Comparing the analogous rules above stated, and the rules established by other appellate courts, we deduce therefrom, and lay down as rules for the guidance of this court, that the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict. Of course, these rules are not inflexible, but subject to exceptions and qualifications, dependent upon peculiar circumstances. * * *"

This rule from Cobb v. Malone, supra, has been cited in every case brought to our attention involving the question. We cite, Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; McCombs v. West End Baptist Hospital, 268 Ala. 291, 105 So.2d 871; Kraas v. American Bakeries Co., 231 Ala. 278, 164 So. 565; McDaniel v. Birmingham News Co., 276 Ala. 320, 161 So.2d 799.

Every case in which a motion for new trial was granted for inadequacy of the verdict, involved injuries and damages which clearly and without conflict flowed directly from the actionable wrong of the defendant.

We have examined the evidence in this case closely. At first it appears there could be an exception to the clear evidence of proximate cause. There appears to be evidence from which the jury could have reasonably inferred that plaintiff's injuries and damages did not proximately result from the established negligence of defendant. However, if the jury had so concluded, it was due to return a verdict for defendant, or at best only nominal damages for plaintiff.

We consider the trial court correct in its holding that there was no evidence from which the jury could have returned a verdict for only $500.00. There was no evidence introduced by plaintiff as to damage to his automobile, nor was there any loss of earnings or medical bills proved, except in relation to the initial and ensuing hospitalization some ten days after the accident. If plaintiff, under the evidence, was entitled to recover anything, it was substantially more than $500.00.

The granting of a motion for a new trial is a matter resting largely in the discretion of the trial court, which sat through it all, and its order will not be disturbed on appeal unless some legal right of appellant has been abused. There is a presumption that the court's discretion was properly exercised. McCombs v. West End Baptist Hospital, supra.

We cannot hold in this case that the evidence plainly and palpably supports the verdict—Cobb v. Malone, supra.

The trial court's judgment is affirmed.

Affirmed.