286 So.2d 857

**Jake J. MACK**

v.

**Robert C. GARRISON, as Administrator of the Estate of Otha W. Lee, Deceased.**

**Civ. 206.**

Court of Civil Appeals of Alabama.

Nov. 21, 1973.

Francis H. Hare, Birmingham, for appellant.

James E. Simpson, Birmingham, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a verdict and judgment for $4500 in an action in tort. The cause of action arose out of an automobile accident. The complaint contained counts on negligence and wanton conduct.

On May 29, 1969, plaintiff's automobile was struck by the automobile of defendant's intestate at or near the intersection of 14th Street S.W. and Cotton Avenue in the City of Birmingham, Alabama. The street out of which the automobile of defendant's intestate was driven into the intersection was provided with a stop sign. There was evidence that defendant's intestate ran the stop sign. He subsequently pled guilty to reckless driving and paid a fine.

Plaintiff claimed personal injuries of a broken hip, bruised chest and brain. He subsequently developed pneumonia in the hospital and charged that the pneumonia aggravated unknown but pre-existing emphysema. He claimed permanent injury.

Though plaintiff recovered judgment, he appeals, contending nine assignments of error in brief and oral argument.

The first assignment of error attacks the denial of a motion for new trial on the ground of inadequacy of damages.

Other than the testimony of plaintiff, injury and damages were proved by the introduction of hospital records. The evidence of hospital and doctor bills totaled a sum of $2018.82. Plaintiff stated his prop-

erty loss was $1950 to a vehicle purchased second hand. There was no proof of loss of earnings. Total special damage shown by the evidence was $3,968.22. The judgment was for $4500. Thus if the jury gave full credit to plaintiff's evidence of special damages, there was an additional award of $531.18.

Appellant contends such an award is inadequate for pain and suffering and does not meet the principle of substantial damages for substantial injury. Three cases are cited in support of appellant's contention. They are Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; Shields v. Castleberry, 41 Ala.App. 390, 133 So.2d 516; and Walker v. Henderson, 275 Ala. 541, 156 So.2d 633. It is interesting that in two of the cases cited, distinguished counsel for appellant here was an attorney of record.

Review of the cited cases discloses sound basis for departure from the well established and oft repeated enjoinder of Cobb v. Malone, 92 Ala. 630, 9 So. 738. In paraphrase, that enjoinder was—The power of an appellant court to set aside a jury's verdict as against the evidence should be exercised only to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of the jury. "In exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind, that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed correct. The power should be exercised, only, when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury. When the presiding judge refuses to grant a new trial, the presumption in favor of the correctness is thereby strengthened."

In the cases cited, the verdicts of the jury when placed alongside the undisputed evidence, clearly indicated a gross injustice. In *Yarbrough,* the verdict was over $1,000 less than the amount of special damage with proof of permanent injury. In *Shields* the verdict was but $10.00 with serious injury and disability. In *Walker,* though the verdict was slightly above the special damage shown, the evidence was that the injured 17 year old boy had endured sixty-three days of hospitalization with permanent and disabling injury to his right leg. The verdict when viewed in the light of the facts clearly disclosed by the evidence in each case was palpably unfair and grossly unjust. The verdict when laid alongside the evidence in this case does not impress us that it is so grossly inadequate as to indicate prejudice, partiality or corruption on the part of the jury. Summerlin v. Robinson, 42 Ala.App. 116, 154 So.2d 685.

The amount of damages for physical injury, pain and suffering must be left largely to the sound discretion of the jury, subject to revision by the court only where the jury has clearly abused its discretion. Atlanta Life v. Stanley, 276 Ala. 642, 165 So.2d 731; Durham v. Sims, 279 Ala. 516, 187 So.2d 558; Langdon v. Miller, 276 Ala. 195, 160 So.2d 479. The assessment of damages is left largely to discretion of jury in the first instance and then to discretion of trial judge on motion for new trial. Woolworth v. Bradbury, 273 Ala. 392, 140 So.2d 824; Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716.

Assignment 2 charges error in the giving of a charge at the request of defendant which charge was—"If you believe the evidence in this case, you can award the plaintiff no punitive damages." Argument of appellant is that evidence of running a stop sign and pleading guilty of reckless

driving is sufficient to present a scintilla of wantonness.

 "Reckless" has been held to import no more than simple negligence. White v. State, 37 Ala.App. 424, 69 So.2d 874. "Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of existing conditions and consciousness that from the doing of such act or omission of such duty injury will likely or probably result. Kilcrease v. Harris, 288 Ala. 245, 259 So.2d 797. There was no testimony as to speed of the deceased driver. There was no evidence that the defendant's driver either saw or knew of the stop sign at the intersection. In other words, there was no evidence that the deceased driver with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty which produced plaintiff's injury. In absence of such proof there was no wantonness and no right to punitive damages. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505.

Appellant's assignments of error as to refusal of requested written charges are not well taken. The matter included in the refused charges is substantially covered by a given requested charge and by the court's oral charge. Code 1940 Title 7, § 273. Cullman-Jefferson Counties Gas District v. Reeves, 281 Ala. 67, 199 So.2d 78.

The remaining assignments of error relate to alleged improper argument of counsel to the jury. Objection to such argument was made and sustained. The court instructed the jury to disregard such argument. There was no error. Ala. Great So. R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714.

Affirmed.

BRADLEY and HOLMES, JJ., concur.