BRADLEY, Judge.
This case originated in the Circuit Court of Marengo County when James E. Grayson filed a complaint alleging he had suffered personal injuries as a result of an automobile collision with Annie L. Alexander. After trial before a jury, the circuit court granted Mr. Grayson’s motion for a directed verdict. The jury returned a verdict in favor of Mr. Grayson for $1,500.00, and a judgment in that amount was rendered. Mr. Grayson then moved for a new trial alleging inadequacy of damages. He appeals from the trial court’s denial of his new trial motion.
The sole issue on appeal is whether the award of $1,500.00 for injuries sustained in an automobile collision is so clearly wrong and unjust as to require a new trial.
There is no appeal from the directed verdict in favor of Mr. Grayson establishing Mrs. Alexander’s liability for the collision. *110 Thus, only those facts pertaining to Mr. Grayson’s injury will be discussed.
The accident occurred on October 16, 1975. The only injury sustained by Mr. Grayson as a result of the collision was to his neck. After the accident he was treated by his personal physician, Dr. Earl Perret, Jr., who later referred Mr. Grayson to Dr. William A. Taylor, an orthopedic specialist. Mr. Grayson’s total medical expenses were $290.00.
Dr. Perret, who is a general practitioner, testified that on the day following the accident he examined Mr. Grayson. An X ray of the neck revealed severe muscular spasm causing acute pain in the area and limiting neck movement. Dr. Perret initially prescribed medicine to relax the neck muscles and reduce pain. A week later Mr. Grayson again visited Dr. Perret; this time steroids and muscle relaxers were injected into the neck muscles and Dr. Perret prescribed a cervical collar to be worn as needed. After two other visits Dr. Perret referred Mr. Grayson to Dr. Taylor. However, Mr. Grayson also continued to see Dr. Perret and had not been discharged at the time of trial. Dr. Perret said that Mr. Grayson complained of pain in his neck at each visit. As a result of the injury Mr. Grayson has developed an arthritic condition in his neck.
Dr. Perret said Mr. Grayson’s condition is permanent. It could possibly require surgery in the future; such, surgery, if necessary, would cost approximately $2,000. Dr. Perret estimated that Mr. Grayson suffers a fifteen percent to twenty percent permanent partial disability to his body as a whole.
Dr. Taylor gave a medical description of Mr. Grayson’s neck condition, including some nerve damage and arthritis. He prescribed an anti-inflammatory drug and a cervical traction device to be used for fifteen to twenty minutes twice a day for as long as needed. Dr. Taylor agreed that Mr. Grayson suffers a permanent partial disability but did not relate what percentage the disability has to the body as a whole. He did say that Mr. Grayson’s condition had improved upon subsequent visits.
Mr. Grayson testified that at the time of trial he did not have full circular vision or full circular motion of his neck. He still suffered pain from time to time; although the pain had worsened in the past four months, he had not been back to see Dr. Perret. The injury has impaired his work very little but has caused him to curtail his hobby, which is landscaping.
Mr. Grayson contends that the $1,500.00 for damages awarded by the jury is inadequate compensation for his fifteen percent to twenty percent permanent partial disability. At trial he proved actual damages incurred for medical expenses of $290.00. His doctor said that in the event surgery is required it will cost between $1,500 and $2,000; neither Dr. Perret nor Dr. Taylor indicated future surgery is more than a mere possibility. Thus, discounting the speculative surgery, the jury awarded $1,210.00 above the special damages proved by Mr. Grayson.
Where damages awarded by a jury are challenged on grounds of inadequacy, an appellate court will reverse only where, after a consideration of all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. This standard, first enunciated in Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738 (1890), has been followed in a long line of decisions. This presumption in favor of the correctness of the jury verdict is strengthened when the trial court refuses to grant a new trial. Cf. Prescott v. Martin, Ala., 331 So.2d 240 (1976); Alabama Power Co. v. Mosley, 294 Ala. 394, 318 So.2d 260 (1975).
A measure courts have used in determining whether the amount of damages awarded is so small as to be unjust is whether the verdict gives substantial compensation for substantial injuries. Walker v. Henderson, 275 Ala. 541, 156 So.2d 633 (1963); Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447 (1932). Generally, where the amount of damages awarded is not sufficient to compensate proven expenses, the verdict will be overturned. See, e. g., Ala *111 bama Great Southern R. v. Randle, 215 Ala. 535, 112 So. 112 (1927); Lipham v. McElroy, 57 Ala.App. 96, 326 So.2d 290 (1976); Institutional Grocers, Inc. v. Bell, 45 Ala.App. 503, 232 So.2d 683 (1970). Damages are also considered inadequate where there is no compensation for pain and suffering. See Walker v. Henderson, supra; Yarbrough v. Mallory, supra; King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495 (1970). Here there has been compensation both for proven expenses and for pain and suffering.
Nashville, G. & St. L. Ry. v. Crosby, 194 Ala. 338, 351, 70 So. 7, 11 (1915), established the rule that:
“ . . . where the quantum of damages is not susceptible of an exact pecuniary estimate the amount to be allowed rests largely in the discretion of the jury; that trial courts will not set aside a judgment merely because in the opinion of the court it is excessive or inadequate, and, where the trial court has declined to set aside the verdict, the appellate court will not substitute its judgment for that of the trial court and jury, unless the amount is so excessive, or so inadequate, as to indicate prejudice, passion, partiality, or corruption on the part of the jury.”
This court quoted the rule with approval in Summerlin v. Robinson, 42 Ala.App. 116, 119, 154 So.2d 685 (1963). The amount of damages for physical injury, pain and suffering are just the sort of damages incapable of precise quantification and thus left to the jury’s sound discretion. Mack v. Garrison, 51 Ala.App. 453, 286 So.2d 857 (1973).
We cannot say that under the facts of this case the jury abused its discretion; hence the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES, J., and PAUL, Retired Circuit Judge, sitting by special appointment, concur.