This appeal arose from an automobile collision. The action was tried before a jury in the Circuit Court of Franklin County. The jury returned a verdict in plaintiff's favor in the amount of $250. The plaintiff appeals from the resulting judgment and we affirm
On September 7, 1979, the automobile in which the plaintiff, Gwendolyn Allen Pennington, was a passenger was struck in the rear by an automobile driven by the defendant, Joey Yarbrough As a result of this collision, the plaintiff brought this action. The plaintiff alleged that as a proximate result of the defendant's negligence, she was caused to suffer great pain and agony, to incur medical expenses and to incur expenses for automobile repair.[1] She asked the jury to award her $50,000 as compensation for such injuries and expenses
The action was tried before a jury which returned in the plaintiff's favor but awarded her only $250. The plaintiff subsequently made a motion for a new trial which was denied She then appealed to this court
The plaintiff, through able counsel, presents to this court three issues. Initially, the plaintiff contends the trial court committed error in empaneling the jury. The record reveals that the plaintiff discovered, during voir dire, that juror twenty-four was acquainted with the defendant and his parents The plaintiff's attorney, in his brief and by personal affidavit, contends that, at the conclusion of voir dire, the trial judge informed both attorneys that juror twenty-four would be dismissed due to illness. The trial judge then conferred with the juror and apparently ascertained that she was not ill because she was allowed to remain on the venire The jury was then struck and juror twenty-four became a part of it. When the plaintiff's attorney realized that he had mistakenly assumed that juror twenty-four had been dismissed, he contends in his affidavit that he then objected to the presence of juror twenty-four and asked that a new jury be struck. The trial court refused
Unfortunately, neither the trial judge's statement to the attorneys regarding dismissal of juror twenty-four, nor his conversation with the juror, nor the plaintiff's objection to the empaneling of juror twenty-four was preserved in the record. Appellate courts are bound by the record. When, as here, the record does not disclose the facts upon which error is predicated, such grounds for error cannot be considered on appeal. Zills v. Brown, 382 So.2d 528 (Ala. 1980); GreatAtlantic Pacific Tea Co. v. Sealy, 374 So.2d 877 (Ala. 1979);Gilmore v. Lee, 282 Ala. 182, 210 So.2d 415 (1968)
Though not necessary to the decision, this court is of the opinion that, even had the above proceedings occurred and been properly included in the record, no error was committed in empaneling the jury. The plaintiff, on voir dire, established only that the juror was acquainted with the defendant and his parents. Previous decisions from our supreme court have indicated *Page 945 
that acquaintanceship with a party alone was not sufficient to disqualify a juror. Engineers of the South, Inc. v. Goodwin,366 So.2d 673 (Ala. 1978); Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391 (1961). The test to be applied is whether the juror, due to the acquaintanceship, would be prejudiced to such an extent that he could not carry out his duty in a fair and impartial manner. Grandquest, supra; Wilson v. State,243 Ala. 1, 8 So.2d 422 (1942). In the case before us the plaintiff's attorney failed to elicit any response from juror twenty-four that would indicate that the juror's acquaintanceship with a party would render her incapable of reaching a fair and impartial verdict
The plaintiff next contends that the trial court's jury instructions regarding the payment of Medicaid benefits were in error. This contention is without merit for two reasons. First, before a party may allege as error the improper giving of an instruction by a trial judge, the party must object to the giving of the instruction, and state his grounds for the objection. Rule 51, A.R.C.P.; Windsor v. General MotorsAcceptance Corp., 295 Ala. 80, 323 So.2d 350 (1975). The plaintiff's attorney made no objection to the instructions in question; therefore, he cannot now allege that the giving of the instruction was error
Secondly, the record reveals that the attorneys agreed that the trial court would charge the jury that, if they found the defendant liable, they should exclude from the award any expenses covered by Medicaid. Agreements made in open court are binding. Rule 47, A.R.A.P.; Jones v. Gladney, 339 So.2d 1019
(Ala. 1976). Thus, the plaintiff cannot now complain about jury instructions submitted by the trial court pursuant to the above agreement reached in open court
The plaintiff also contends that the trial court erred in failing to instruct the jury to disregard the answer of a witness concerning Medicaid benefits after the plaintiff had objected and the trial court had sustained the objection. We note, however, that the plaintiff did not request the trial court to make such an instruction. Such a request and a ruling by the trial court are necessary to place the trial court in error. See State Farm Mutual Automobile Insurance Co. vBarrow, 46 Ala. App. 392, 243 So.2d 376 (1971)
Finally, the plaintiff contends that the verdict was so grossly inadequate as to shock the conscience of the court Initially, we note that a jury verdict should not be disturbed unless it is so grossly inadequate as to indicate passion, prejudice, corruption or mistake. City of Birmingham v. Wright,379 So.2d 1264 (Ala. 1980). The verdict of the jury is vested with a strong presumption of correctness. Watts v. Pettway,49 Ala. App. 324, 272 So.2d 251 (1972). This is especially true in the area of assessment of damages for personal injury, including pain and suffering. Mack v. Garrison, 51 Ala. App. 453, 286 So.2d 857 (1973). In such cases the determination of the jury should be set aside only where, after consideration of all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust, and the jury has abused its discretion. Grayson vAlexander, 347 So.2d 108 (Ala.Civ.App. 1977). We find no abuse of discretion in the case before us
There is a great deal of conflict in the evidence regarding the damages suffered by the plaintiff in this case. For instance, there is conflict as to the amount of damage the plaintiff's car suffered; there is conflict as to the force of the impact; and there is conflict as to the plaintiff's physical condition immediately after the accident. Where there is conflicting evidence, the appellate court should not substitute its judgment for that of the jury. Ray E. LoperLumber Co. v. Windham, 291 Ala. 428, 282 So.2d 256 (1973)
The plaintiff contends specifically that the jury verdict is erroneous because it did not compensate her for special damages, i.e., medical expenses amounting to $676. We would again call attention to the agreement *Page 946 
between the attorneys regarding a jury instruction as to Medicaid payments and the jury instruction that was submitted pursuant to the agreement. Consequently, pursuant to the evidence and the jury instructions, the jury could have concluded that some or all of the plaintiff's special damages were covered by Medicaid and thus not properly included in the award
Based upon the facts before this court, we conclude that the verdict in this case was not so inadequate as to shock the conscience of the court
This case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur
[1] The plaintiff owned the car that was struck from the rear.