The plaintiff sued the defendant for fraud involving the "sale" of real estate. After trial the jury awarded punitive damages to the plaintiff in the amount of $24,000. The trial court credited the defendant for certain expenditures made on the property and reduced the plaintiff's award to $8,182.09. The trial court also rescinded the sales contract.
The defendant appeals and the plaintiff cross-appeals. *Page 1082 
The defendant raises three issues on appeal. The defendant contends that the trial court erred in instructing the jury to find only the amount of punitive damages to be awarded, that the trial court erred in denying the defendant's motions for a directed verdict and judgment notwithstanding the verdict because there was no evidence to support the verdict, and that the trial court erred in failing to dismiss the plaintiff's action for failure to allege fraud with particularity.
The plaintiff cross-appeals, contending that the trial court erred in improperly crediting certain expenditures made on the property by the defendant.
We find no error requiring reversal and affirm.
The pertinent facts are that the defendant, as an attorney, represented the plaintiff-wife in a divorce action. As a result of the divorce, the plaintiff was awarded the marital home.
The plaintiff desired to sell the house in order to pay certain marital debts totaling approximately $5,000. The wife advertised the house for sale, but shortly thereafter the defendant asked the wife to sign a real estate contract transferring ownership in the house to him. The contract provided for $5,000 equity and a mortgage balance of $35,000. The wife signed the contract and later, at the attorney's request, signed a warranty deed to the property.
There was evidence that the defendant told the plaintiff that the contract was not binding and that she could continue to look for better offers from other buyers.
The wife later found another buyer for the property, who offered her a higher price for the property. The defendant, however, told her that she had signed a binding contract with him and refused to rescind that contract.
As stated, the plaintiff brought an action against the defendant for fraud, and after a trial on the issues, the jury awarded punitive damages to the plaintiff.
 I
The defendant first argues that the trial court erred in answering a question from the jury when the court instructed the jury to find only the amount of punitive damages, if any, that should be awarded to the plaintiff.
At this point we note that the record indicates that both parties stipulated that the single issue to be presented to the jury was the amount of punitive damages. This would appear to resolve the defendant's contention. Additionally, the defendant made no objection at the trial to the court's response to the jury's question concerning punitive damages.
It is well settled that this court will not consider an issue raised for the first time on appeal. See Hinds v. Hinds,415 So.2d 1122 (Ala.Civ.App. 1982). Furthermore, if the answer to the jury's question is considered an "oral" charge, the defendant must object in accordance with Rule 51, Alabama Rules of Civil Procedure. This clearly was not done. In any event, this issue is without merit.
 II
The defendant next contends that there was no evidence to support an award of punitive damages and, therefore, that the trial court erred in denying the defendant's motions for a directed verdict and judgment notwithstanding the verdict.
The standard of review for testing a motion for a directed verdict and a motion for a judgment notwithstanding the verdict is the same. The jury must be allowed to pass on the evidence if there is any evidence, no matter how slight, to support a verdict in favor of the party against whom the directed verdict is sought. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778
(Ala. 1984).
Here, there was evidence that the defendant was in a fiduciary relationship with the plaintiff as the plaintiff's attorney. There was testimony that the defendant told the plaintiff that the sales contract was not binding, but later refused to rescind *Page 1083 
the contract, stating that it was binding. Additionally, the defendant admitted that, after the plaintiff had dismissed him as her attorney, he represented himself as the plaintiff's attorney in order to clear title to the property for his own advantage.
Clearly, there was ample evidence to support an award of punitive damages, and we cannot say that the trial court erred in denying the defendant's motions for a directed verdict and judgment notwithstanding the verdict.
 III
Finally, the defendant appears to contend that the plaintiff did not allege fraud in her complaint with enough particularity and that the trial court erred in not dismissing the action.
Rule 9 (b), Alabama Rules of Civil Procedure, requires that circumstances of fraud must be pleaded with particularity. Every element is not required to be stated with particularity, but there must be more than a generalized conclusionary statement setting out fraud. Robinson v. Allstate InsuranceCo., 399 So.2d 288 (Ala. 1981).
Upon examination of the plaintiff's complaint, it is clear to this court that the plaintiff alleged more than a generalized statement setting out fraud. The dates, places, and circumstances surrounding the alleged fraud were set out with much particularity and specificity. Therefore, we cannot say that the trial court erred in refusing to dismiss the plaintiff's action.
 IV
As stated, the plaintiff cross-appeals, contending that the trial court erred in improperly crediting certain expenditures made on the property by the defendant and, thereby, reducing the award.
The plaintiff concedes that certain amounts totaling approximately $6,500 were properly credited against the plaintiff's award. However, the plaintiff contends that certain other credits that involved "unnecessary" improvements on the property should not have been credited.
As the amount of damages is discretionary, it appears that the amount of credit for expenditures is also discretionary.See Mack v. Garrison, 51 Ala. App. 453, 286 So.2d 857 (1973);Summerlin v. Robinson, 42 Ala. App. 116, 154 So.2d 685 (1963).
Here we find no abuse of discretion in the trial court's action in giving credit for the defendant's expenditures for improvements on the property.
This court has attempted to only answer the issues as they were presented by the parties and makes no comment as to the propriety of the proceedings or whether there exist other issues not raised.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.