This is an action for breach of contract.
In 1981, plaintiff Norris entered into a contract with Fireman's Pest Control Company, operated by defendants Creighton and Logan in Baldwin County, Alabama. Creighton inspected the home of plaintiff and found an infestation of termites. He contracted with plaintiff to rid the home of termites and prevent their return for a valuable consideration. A part of the contract was to pay for any damage caused by termites after the date of contract and while it was in force.
Thereafter, during the term of the contract plaintiff found a heavy infestation of termites. Additional treatment was performed by Creighton or his son and employee.
In 1982, some eighteen months after the first treatment, large numbers of termites were again observed in plaintiff's house. Inspection found extensive termite damage to the walls and floors of the house. Creighton was informed of the damage and presence of termites. He directed plaintiff to secure an appraisal of the damage, and he would pay for repairs.
Upon appraisal the damage was found to be so extensive as to cost $10,000 to repair. Creighton refused to pay so large a sum. Plaintiff brought suit. A jury found for plaintiff and assessed damage at $10,000. Post-trial motions were denied. Thus, this appeal.
Defendants' first issue is that the trial court erred in admitting evidence of an offer of compromise. The evidence cited as an offer of compromise arose in relation to plaintiff's testifying as to his receiving some materials at his home for repairing some of the damage. He stated that the materials were brought to his home by a lumber company. He did not order them, and he did not know who did. The question then was asked, "Did Mr. Creighton tell you that he would provide you with building materials?" An objection was made in the following form: "Judge, we are going to object to anything that Mr. Creighton may have said or any representation in the form of a settlement offer would not be admissible." The judge in response said that he "overrule[d] the objection as to the way it was framed." The plaintiff answered by saying, "[Y]es, he paid for it."
Without speaking to the propriety of the form of the objection, we address the issue of whether the evidence was in fact testimony of an offer of compromise.
It is the law of this state that, where there is no doubt that a proffered statement was an offer of compromise and was made in the negotiation of the settlement of a claim or dispute, it is error to admit such statement into evidence.Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649 (1975);Langham Small Motors v. Thomas, 390 So.2d 1055
(Ala.Civ.App. 1980). However, the rule does not apply when the statement made is one of admission of fact of responsibility. Millsap,294 Ala. 634, 320 So.2d 649.
The proffered statement here does not relate to negotiation of a settlement between the parties of the damages of plaintiff. The statement arose from an undisputed recognition of some liability of Creighton to plaintiff under their contract. There was no evidence presented that there was any attempt at negotiation of the claim of plaintiff. The statement, if of any value at all in view of other statements in evidence, merely implied an admission of some liability of Creighton. We find no error in its admission. York v. Chandler,40 Ala. App. 58, 109 So.2d 921 (1958).
The second issue presented is whether there was insufficient proof of damages. *Page 113 
It is Creighton's contention that the plaintiff failed to show that all of the damage claimed was the result of termite activity occurring after the effective date of the contract.
Plaintiff's evidence was that the cost of repair of the damage done by termites to his home was $10,000. That estimate of damage was undisputed.
Defendants sought to show that some of that damage must have occurred before the contract was made. They submitted testimony of experts that tended to show that termites could not have eaten so much wood during the eighteen months of the contract. However, the experts testified that the amount of damage done in any period depended upon the number of swarms of termites and the number of workers in the swarm. It was the testimony of plaintiff and defendant Creighton that, at the time of entering the contract, they examined the sills under the house. They found termites, but the examination of the wood by trying to puncture it with a knife failed to show any damage.
Assessment of damages in light of the evidence is a matter for the jury and for the trial judge upon motion for new trial.Mack v. Garrison, 51 Ala. App. 453, 286 So.2d 857
(Ala.Civ.App. 1973). There is often difficulty in determining the occurring of events or the amount of damages with mathematical certainty. United Bonding Insurance Co. v. W.S. Newell, Inc.,285 Ala. 371, 232 So.2d 616 (1970). Damages awarded for breach of contract should return injured party to the condition he enjoyed before the breach. Marshall Durbin Farms, Inc. v.Landers, 470 So.2d 1098 (Ala. 1985).
We find from the evidence that there was ample support for the jury to determine that the damage to plaintiff's home occurred during the term of the contract and that the amount of such damage was $10,000. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.