HELEN LAWRENCE MERRILL, as Executrix, etc., v. A. Z. ADKINS.

180 So. 41.
Division A.
Opinion Filed February 18, 1938.
Rehearing Denied March 30, 1938.

*Albion W. Knight* and *L. K. Walrath,* for Plaintiff in Error;

*Joe Hill Williams* and *Fielding & Duncan,* for Defendant in Error.

BUFORD, J.—Writ of error brings for review an order granting a new trial after a directed verdict in favor of the plaintiff.

A. Z. Adkins, being indebted to J. H. Lawrence and J. Bell Lawrence in the sum of $800.00, executed his note in favor of J. H. Lawrence and J. Bell Lawrence in the sum of $800.00.

Adkins filed plea of payment.

After the date of the alleged payment J. H. Lawrence died. J. Bell Lawrence instituted suit on the note. After such institution J. Bell Lawrence died and the suit. was revived in the name of her Administratrix.

At the trial, after the plaintiff had introduced in evidence the note and testimony to show the amount of reasonable attorney's fee, Judge Adkins took the stand in his own behalf and the following proceedings were had:

"Thereupon defendant was handed a check, drawn on the Bank of Starke, dated 12/18/1929, in the sum of $57.87 purporting to have been paid to J. H. Lawrence; defendant identified the drawer's signature as being his, defendant's, and said check was offered for identification and marked for identification as 'Defendant's Exhibit No. 1.'

"Thereupon defendant was handed a bank statement from the Bank of Starke, showing the account of A. Z. Adkins

for the month of December, 1929, defendant identified this as being the statement to him for the period indicated and the said statement was marked for identification as 'Defendant's Exhibit No. 2.'

"Thereupon defendant was handed a check on the Bank of Starke, dated June 9th, 1931, in the sum of $100.00 payable to Mrs. J. H. Lawrence. Defendant identified the drawer's signature as being his, defendant's, and said check was marked for identification as 'Defendant's Exhibit No. 3.'

"Thereupon defendant was handed a bank statement from the Bank of Starke, for the month of June, 1931, which was identified by the witness as being the statement rendered to him for the period indicated, said statement was thereupon marked for identification as 'Defendant's Exhibit No. 4.'

"Thereupon defendant was asked the following question and the following objections were made, overruled and answer given: Q. I want to ask you, Judge, this question: if, on the dates named in the two checks, identified by you, if you owed to Mr. J. H. Lawrence and Mrs. J. H. Lawrence any other moneys than the moneys mentioned in this promissory note as offered in evidence?'

"To which last foregoing question counsel for plaintiff objects, upon the grounds: that it is an attempt to go into communications and transactions concerning a person and persons who are now deceased and whose mouths are closed by death; and upon the further ground that it is incompetent testimony in view of the death statute, and that such a question should not be permitted at this time; and upon the further ground that it calls for a direct conclusion of the witness to answer the question and that it should not be permitted.

"The objection was overruled and an exception noted for the plaintiff.

"A. 'I did not.'

"By Mr. Fielding: 'You may examine the witness.'

"Thereupon the plaintiff undertook cross-examination of the witness, Adkins, and the following matters took place:

"The defendant was asked to refer to the Bank Statement identified and marked 'Defendant's Exhibit No. 2' and admitted that a deposit appeared on the statement in the amount of $757.87 on the day before a withdrawal of $757.87, December 19th, 1929. Defendant testified that he could not remember what that deposit consisted of, whether cash or check, as it was about seven years ago, nor could he recall the source from which he obtained the $757.87. Defendant was thereupon asked the following question and the following matters took place:

"Q. 'Judge Adkins, is it or is it not true that about the time of that check; that is, December 18th, 1929, either on that day or within a day or two thereof, that you received from a certain party payment for a piece of property known as an island—Lot 7 of Section 30 of Township 8 South, Range 23?'

"To which last foregoing question counsel for defendant objected, upon the following grounds, severally:

"1. That it is immaterial and irrelevant.

"2. That it is not in pursuit of any of the issues made by the pleadings in the case.

"By the Court: 'The objection is sustained because the question is not proper on cross.'

"By Mr. Knight: 'If the check is introduced in evidence we would like to have the right to cross-examine the witness at that time.'

"By the Court: 'You have the right to cross-examine the witness at that time.'

"Thereupon, Rawson J. Davis was offered as a witness for defendant and having been duly sworn, testified as follows:

"That he knew A. Z. Adkins and had known both J. H. Lawrence and Mrs. J. H. Lawrence during their lifetime and that each of the three had from time to time accounts at the Bank of Starke during witness's employment as Cashier of the Bank of Starke during the years 1929 and 1931.

"Thereupon witness Davis identified the endorsement on the back of the check identified by witness Adkins as 'Defendant's Exhibit No. 1,' as being the signature of J. H. Lawrence. He further testified that said check was paid to J. H. Lawrence December 19, 1929.

"Thereupon witness Davis identified the 'Defendant's Exhibit No. 2' as being the monthly statement rendered to A. Z. Adkins by the Bank of Starke for December, 1929, and testified it showed a payment of $757.87 on December 19, 1929.

"Thereupon witness Davis produced from deposit tickets of the Bank of Starke a deposit ticket dated December 18, 1929, by J. H. Lawrence in the sum of $757.87 and testified that that sum was deposited to the credit of J. H. Lawrence in the Bank of Starke on December 18, 1929, the date of the check identified as 'Defendant's Exhibit No. 1.'

"Thereupon witness Davis identified the endorsement appearing on the back of check identified by witness Adkins as 'Defendant's Exhibit No. 3' as being the signature of Mrs. J. H. Lawrence and further testified that said check was paid to Mrs. J. H. Lawrence, June 10th, 1931.

"Thereupon witness Davis identified the 'Defendant's Exhibit No. 4' as being the statement of the Bank of Starke

to A. Z. Adkins for June, 1931, which showed a withdrawal of $100.00 on June 10th, 1931.

"Thereupon witness Davis produced from deposit tickets of the Bank of Starke a deposit ticket of Mrs. J. H. Lawrence in the sum of $100.00 dated June 9, 1931.

"Whereupon the following proceedings took place: Counsel for defendant offered in evidence the check for $757.87 signed by A. Z. Adkins, payable to J. H. Lawrence, dated December 18, 1929, bearing on the back the endorsement of J. H. Lawrence, formerly identified by witnesses Adkins and Davis, as 'Defendant's Exhibit No. 1,' the following being a true and correct copy of said proffered exhibit in words and figures:

" 'Starke Fla., 12/18th/1929.
" 'BANK OF STARKE.
" 'PAY TO THE ORDER OF J. H. LAWRENCE............$757.87.
" 'SEVEN HUNDRED FIFTY-SEVEN AND........87/100 DOLLARS.
" 'FILED FOR IDENTIFICATION
and marked Exhibit No. 1.
" '(Signed) A. Z. ADKINS.'
"On Back: " 'J. H. LAWRENCE. PAID 12/19/1929.'

"Thereupon the following objection and ruling by the Court was made respectively:

"To the introduction of which chcek in evidence counsel for plaintiff objected, upon the following grounds:

"1. That it is immaterial and irrelevant to the issues in this cause.

"2. That it is inadmissible to prove payment of an obligation to Jennie Bell Lawrence and J. H. Lawrence as an estate by entirety inasmuch as it is payable to only one during the lifetime of both.

"3.   There is no showing that at the time of the payment of that check J. H. Lawrence was in possession of the note by himself or as agent for Mrs. Lawrence and there is no showing of any agency of J. H. Lawrence for Mrs. Lawrence at the time of that check, and, therefore, it is totally immaterial and irrelevant in support of plea of payment in this cause.

"Whereupon the jury was excluded from the court room while the point of law was argued by counsel; at the conclusion of which arguments the Court announced that the objection would be sustained and an exception noted for the defendant.

"Whereupon the jury was returned to the Court room, polling of the jury was waived by counsel and the Court announced that the objection was sustained and an exception noted for the defendant."

It is not necessary to delineate further proceedings.

The sustaining of the objection last mentioned was error.

The theory of the plaintiff was, and is, that the payment of the sum of $757.87 to J. H. Lawrence was not binding on Mrs. J. Bell Lawrence because no authority was shown to have existed in J. H. Lawrence to receive payment for and on behalf of his wife, J. Bell Lawrence, as she occupied the position of a tenant by the entireties of the obligation.

We might properly affirm the order granting a new trial upon authority of American Central Insurance Co. v. Whitlock, 122 Fla. 363, 165 Sou. 380, but this case is not entirely on all-fours with that case.

In the case above cited there was involved the question of the endorsement and assignment of a note and mortgage. In this case the disposition of property by one of the spouses holding personal property with the other as a tenancy by the entireties is not involved.   The property right of the parties was in the debt from Adkins to them and the pay-

ment of the debt in nowise changed the property right of either of the obligees. If and when J. H. Lawrence accepted from Adkins payment *pro tanto* on the debt the payment so made to him continued to have the character of an estate by the entireties and the position of the spouses as to their interest in that estate was unchanged.

In Freeman on Cotenancy and Partition, 2nd Edition, Section 73, the writer says:

"It must be remembered that a husband by marriage acquires, 'during coverture, the usufruct of all the real estate which his wife has, in fee simple, fee-tail or for life;' that he has the further right to reduce her personal estate to his possession, to sue for her chattels and upon her choses in action in his own name, and to dispose of her personal property as he may think fit. The same power which enables a husband to obtain possession and control of the wife's estate when held by her in severalty, entitles him to a similar power over her interest in like property held by herself and husband in entireties."

See also Draper v. Jacobs, 16 Mass. 486; McCurdy v. Canning, 64 Pa. St. 40; Bennett v. Child, 19 Wisc. 365.

It seems that our negotiable instrument statute, Section 4763 R. G. S., 6849 C. G. L., which reads as follows:

"Payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective," is sufficient in itself to warrant the holding that payment to the husband of a debt due to the husband and wife as tenants by the entireties discharges the debt to the extent of the payment. This is true because tenancy by the entireties is an indivisible tenancy. The possession by the husband is necessarily also in the law possession by the wife. She cannot deny that his possession is also her possession. The spouses were at all times a unity holding the indivisible

obligation just as if the two constituted one single body. The theory of unity of husband and wife is the very foundation of the law of estates by the entireties.

The common law in regard to estates by entirety in personal property has not been abrograted by statute in this State. It, therefore, follows that as to such property the husband may reduce the same to his possession and control, and payment to him of a debt due to the husband and wife as tenants by the entireties will discharge the debt to the extent of the payment made to the husband, while such payment will not change the character of the estate and if any of the funds derived from such payment remain in the hands of the husband when he dies leaving the wife surviving him she will be entitled to the entire amount of that fund so remaining by the right of survivorship in such estate.

The order granting a new trial is affirmed and the cause remanded for further proceedings.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.