## In re LYONS' ESTATE.

Circuit Court, Hillsborough County, Civil Appeal.

December 14, 1953.

Paul Game and Hardee & Hardee, all of Tampa, for appellant.

Oliver C. Maxwell and Laurens G. Jones, both of Tampa, for appellee.

L. L. PARKS, Circuit Judge.

This appeal arises out of administration proceedings in the estate of E. L. Lyons, deceased, who died testate in 1952 leaving surviving his widow, Mollie. He and Mollie Lyons were married for 56 years and lived happily together until his death in 1952. They had no children. During all these years he was a devoted husband and Mollie a faithful helpmeet, doing the work of a farmer's wife and even helping with the cultivation of the crops in the fields. It was from their joint efforts that the estate was accumulated. He made certain bequests of his property in his will and then provided that one-half of the remainder should go to Mollie and the residue to his nephew Calvin Lyons and wife Leola. In the administration of the estate the county judge was called upon to determine whether certain bank accounts and series E bonds were a part of his estate—or whether upon his death they belonged to Mollie as the survivor of an estate by the entireties.

The appeal brings on for review a county judge's order expunging from the inventory of the estate a savings account in the Broadway National Bank of Tampa in the sum of $5,127.03 and another in the Hillsboro State Bank of Plant City in the sum of $5,149.47, declaring that these accounts were estates by the entireties and were the property of Mollie Lyons, the survivor of the joint estate, and directing the executor to pay the amounts thereof to her, also expunging from the inventory United States series E bonds in the

sum of $5,500, declaring likewise that they were owned and held by decedent and Mollie as an estate by the entireties and further ordering the authorities to deliver the bonds to her as survivor of the joint estate.

It is undisputed that prior to 1939 all the property they had acquired was in the name of and belonged to the decedent. In his advancing years, beginning in 1939 and extending through 1950, he deposited funds in the two bank accounts and bought U. S. bonds on ten different occasions in the joint names of himself and Mollie. The gross amount involved in these savings and bond transactions totaled more than $25,000. On March 9, 1950 he closed out the joint account in the Broadway National Bank and on the same day redeposited the funds in his name, about the same time he had the Hillsboro State Bank erase Mollie's name from the joint account in that bank with the obvious purpose of changing the account from their joint names to his name only. On August 30 following he cashed $5,500 of the bonds in their joint names and purchased bonds for the same amount which he had issued to himself. The transfer of the bank accounts and sale and repurchase of the bonds in his name was without Mollie's knowledge and consent. Such were the findings of the county judge.

The county judge determined that decedent's attempt to convert the bank accounts and bonds from their joint names to his own was ineffectual to destroy the estate by the entireties because it was done without Mollie's knowledge and consent. The executor and other interested parties resisted the finding and order on the grounds—(1) that no estate by the entireties existed prior to decedent's death, (2) that if such estate did exist it was voided by decedent when he changed the funds (which originally belonged to him) from their joint names to his own, and (3) that even though the estate was originally an estate by the entireties the decedent as husband had the right to and did reduce the accounts to his possession in the exercise of his right as the petitioner's husband, whereupon they became a part of his estate.

The county judge's order must be affirmed. An estate by the entireties in a bank account may be created even though all the money in the account belonged to and was deposited by the husband, Hagerty v. Hagerty (Fla.), 52 So. 2d 432, and the presumption obtains that such estate was created by deposits of the husband under the circumstances reflected on the signature cards in this case—as well as by the undisputed evidence that beginning in 1939 and extending through 1950 bonds were bought and monies deposited in the banks by decedent in their joint names on ten different occasions during these years, thus exhibiting an intent to

create an estate by the entireties in the monies and bonds. Once an estate by the entireties there can be no severance except by consent of both parties, Bailey v. Bailey (Fla.), 103 So. 833. According to the county judge's findings of fact Mollie did not consent to and had no knowledge of the change. Though based on conflicting testimony the county judge's findings are sufficient to support his conclusions and are binding on this court. A husband may reduce to his possession choses in action held as an estate by the entireties but in such case the property rights of the wife are not modified or changed, Merrill v. Adkins (Fla.), 180 So. 41, Dodson v. National Title Ins. Co. (Fla.), 31 So. 2d 402. The order is affirmed.