299 So.2d 729

**Cora O. JONES, Individually, and as Administratrix of the Estate of O. O. Jones, Deceased**

v.

**O. E. JONES et al.**

**SC 759.**

Supreme Court of Alabama.

Aug. 22, 1974.

Rehearing Denied Sept. 12, 1974.

Patterson & Rinehart, Montgomery, for appellant.

W. H. Baldwin, Andalusia, for appellees.

JONES, Justice.

This is an appeal from a final decree of the Circuit Court of Covington County adjudging that one-half of the proceeds of a certain note was an asset of the estate of the deceased, O. O. Jones, and should be distributed under the laws of descent and distribution of Alabama to defendants-appellees, who are the children of deceased by a prior marriage.

On June 17, 1966, Mr. and Mrs. L. E. Browder purchased certain Florida realty from the deceased and as a part of the transaction executed a promissory note and a purchase-money mortgage on this property naming O. O. Jones and wife, Cora Jones, payees. In late November, 1966, the deceased purchased a home and land in Alabama where he was domiciled at the time of his death on July 18, 1968. A supplementary agreement was executed June 1, 1967, which modified the amount of the purchase price and reduced the number of payments. An amendment to the original mortgage (conforming to the note) was also executed on August 4, 1967.

Appellees contend that these supplementary documents were executed while appellant was domiciled in Alabama and are thus governed by the real property laws of Alabama and not those of Florida. Appellant submits, however, that there is sufficient finding to support her contention that these supplementary documents were executed while she and her husband were still domiciled in Florida. There is no dispute that the original agreements were entered into while all the contracting parties were domiciled in Florida. The subsequent agreement and mortgage were expressly entitled "Supplementary" and "Amendment" which conveys an intent not to supercede, but rather to modify the existing agreement. As a result, we feel (and, as

we shall later see, the trial Court so held) that the supplementary documents should be controlled by the laws in jurisdiction of the original agreement.

The scope of our review has been materially narrowed (and we might add, clarified) by the lower Court's response to the complainant's (widow-appellant's) motion of December 5, 1973, for "findings of the facts specially and to state its conclusions of law separately pursuant to Rule 52 of the Alabama Rules of Civil Procedure so that the factual and legal issues of this case can be more clearly defined for purposes of appeal by either party."

The trial Court's initial decree of November 5, 1973, merely found "from the evidence that one-half of the proceeds of the promissory note . . . is an asset of the estate . . . ." On February 19, 1974, the trial Court issued its final decree, in response to complainant's motion, finding "that the mortgage and note given to O. O. Jones and Cora O. Jones covering certain described lands in the State of Florida, contained no words providing for the right of survivorship between the grantees of said mortgage and the Court reaches the conclusion of law under the Florida Statutes that said mortgage created a tenancy in common and did not create an estate by entirety."

The first issue on appeal, then, is whether the lower Court, once determining the law of Florida to be the applicable law, properly applied that law in reaching its conclusion that the instruments in question created a tenancy in common.[1]

Florida courts have consistently held that a promissory note, or note or bond accompanying mortgage or deed of trust, taken by persons who are in fact husband and wife ordinarily renders them tenants by entirety. Merrill v. Adkins, 131 Fla.

---

1. For the purpose of clarity, it should be noted that there is no contention on behalf of appellee as to a lack or insufficiency of proof as to the law of the foreign jurisdiction. The only dispute between the parties concerns itself with *what is* the substantive law of Florida under the facts here applicable. As to current procedure for determination of foreign law, see Rule 44.1, A.R.C.P.

478, 180 So. 41 (1938); American Central Ins. Co. v. Whitlock, 122 Fla. 363, 165 So. 380 (1936); Bailey v. Smith, 89 Fla. 303, 103 So. 833 (1925).

Tenancy by entirety stems from the common law concept that a man and his wife have a single legal existence. It is an estate held by husband and wife by virtue of title acquired by them jointly after marriage. The essential characteristic of such estate is that each spouse is seized of the whole or entirety, and not of a share, moiety, or divisible part. There is but one estate, and in contemplation of law, it is held by one person. The Florida Statute, recognizing this common law tenancy is 15 Florida Statutes, Estates by Survivorship, § 689.

Florida courts recognize the estate by entirety in personal property as well as real property. Merrill v. Adkins, supra; Bailey v. Smith, supra. In the case of Powell v. Metz, 55 So.2d 915 (Fla., 1952), the court held that where real property was owned by the husband before his marriage and was sold after the marriage and a purchase money mortgage taken by both the husband and wife, the husband was presumed to have intended a gift to his wife of a property interest in the purchase money mortgage, in the absence of contrary proof. And in the case of Lauderdale v. Lauderdale, 96 So.2d 663 (Fla.App., 1957), it was held, where on the sale of land standing in the husband's name in the conveyance of which the wife joined, the husband receiving back a mortgage made out to both of them, the mortgage was "entirety" property, and that for the husband to prevail in his contention to the contrary, "the evidence would have to be clear, positive and unequivocal against joint ownership of the mortgage." No particular words of art are needed to create a tenancy by entirety if the instrument creating the interest is made to husband and wife jointly while they are married. Bailey v. Smith, supra; Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223 (1932).

When property is held as an estate by entirety, it does not pass by descent but vests by operation of law in the surviving spouse upon the death of the co-owner, even though occupied during the lifetime of both parties as homestead. F.S.A., § 689.11(1), F.S.A.Const. Art. 10, § 4(b). In interpreting the applicable Florida law, we hold that the lower Court's ruling that the documents in question created a tenancy in common rather than a tenancy by entirety, was erroneous and must therefore be overturned.

The final dispositive issue presents our Court with a case of first impression: Will Alabama recognize the vesting of an interest in personal property created under the laws of a foreign jurisdiction, when that personalty is subsequently removed to this jurisdiction?

The general rule is that the descent and distribution of personal property (movables) is governed by the laws of the domiciliary state at the time of death, while that of real property (immovables) is governed by the laws of the situs. An exception to this rule exists where the personal property (movables) pertain to real property transactions. In the case of Phillips v. Phillips, 213 Ala. 27, 104 So. 234 (1925), the Court stated that where notes were received by decedent for unpaid purchase price of devised land, such assets were deemed to be real assets governed by the law of the situs. Our Court has also held that a deed of trust or mortgage in this state is construed according to the laws of another state if it were executed in such other state while the parties were residing there. Caldwell v. Edwards, 5 Stewart & Porter 312 (Ala.1834). Florida courts have likewise held that the construction and effect of a mortgage of realty is ordinarily governed by the law of the place where the realty is situated. Conner v. Elliott, 79 Fla. 513, 85 So. 164 (1920).

As a result, when a husband and wife's personal property, here a real estate

mortgage and note, is moved from the situs of the real property, Florida, into this jurisdiction, we are of the opinion that the wife's estate, having already vested according to the laws of Florida, remained vested when removed to this state.

Our Court has held that where a wife is possessed of a separate estate, which accrued to her while she was residing in another state, the character of such estate is not altered by a subsequent transfer of domicile to Alabama. Mueller v. Mueller, 127 Ala. 356, 28 So. 465 (1899). And in the cases of Bush v. Garner, 73 Ala. 162 (1882), and Cahalan v. Monroe, Smaltz & Co., 70 Ala. 271 (1881), our Court held that the mere removal by husband and wife from another state of personal property to which the husband's marital rights had attached by the law of their former domicile will not change the status or ownership of the property, which became vested absolutely in the husband.

The Georgia courts have likewise held that the respective rights of husband and wife to certain personal property which have already attached and vested under the laws of one state or country are not divested or changed by the subsequent removal of the parties or property or to another state. Ellington v. Harris, 127 Ga. 85, 56 S.E. 134, 119 Am.S.R. 320 (1906).

We must therefore conclude, based on our foregoing interpretation of Florida law, that the trial Court erred in holding that one-half of the proceeds of the note was an asset of the estate of the decedent, O. O. Jones. This cause is remanded with instructions to the trial Court to enter a decree adjudging that appellant, Cora O. Jones, possesses an estate by entirety with right of survivorship to the instruments in question. ·

Reversed and remanded with instructions.

HARWOOD, BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs in result.