This case concerns the revocation of appellant Julius Goodman's driver license by the appellee, the Director of the Alabama Department of Public Safety. The Circuit *Page 397 
Court of Montgomery County upheld the Director's action. We affirm.
The tendencies of the evidence as revealed by the record are as follows:
Appellant Goodman was arrested on April 7, 1974, by police officers of Dawson, Georgia, and charged with the offense of driving under the influence of intoxicating liquor. What apparently transpired is that appellant posted $110 bail and was allowed to depart. The Director subsequently received a report from the Mayor's Court of Dawson, Georgia, informing him that appellant had not appeared in court to answer the above-mentioned charge and that consequently his bail had been forfeited.
The Director then revoked appellant's driver license pursuant to Tit. 36, § 68, Code of Alabama 1940, which provides in pertinent part:
 "The director of public safety is authorized to suspend or revoke the license of any resident of this state or the privilege of a non-resident to drive a motor vehicle in this state upon receiving a notice of the conviction of such person in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license of a driver. . . . Also, for the purposes of this article a forfeiture of bail to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction. The director of public safety shall forthwith revoke the license of any driver upon receiving a record of such driver's conviction of any of the following offenses, when such conviction has become final: . . . driving a motor vehicle by a person . . . while intoxicated; . . ."
The Director's action was upheld by the reviewing board of the Department of Public Safety. Appellant then appealed the revocation to the Circuit Court of Montgomery County, which after hearing oral testimony also upheld the Director's action. Appellant now prosecutes the instant appeal to this court.
The above-quoted provisions of Tit. 36, § 68, Code of Alabama 1940, provide that the Director has discretionary power to revoke the driver license of an Alabama resident convicted in another state of an offense which, if committed in this state, would be cause for the revocation of that person's driver license. To this court, the provision of Tit. 36, § 68, set out above concerning forfeiture of bail applies where bail is forfeited in another state for an offense which would in Alabama be grounds for revocation. Therefore, such an out-of-state bail forfeiture gives the Director cause to exercise his revocation power.
We have examined the statutes dealing with the offenses pertinent here, Tit. 36, §§ 2, 155, Code of Alabama 1940, and Tit. 68A, §§ 902, 902.1, Georgia Code Ann. (1975 Revision). We are satisfied that the elements of the Georgia offense are such that if the proscribed act occurred in Alabama, it would be cause under the Alabama driving while intoxicated laws for revoking the driver license of the person committing that act. The statutory criteria for the two offenses are the same. The Director therefore acted within his statutory authority in revoking the driver license of appellant Goodman, and the trial court did not err in upholding the Director's action.
The only evidence introduced by the parties on the issue of the comparison between the pertinent Alabama and Georgia statutes was the oral testimony of an Alabama State Trooper Sergeant. Able counsel for appellant contends the admission of this testimony was error to reversal. Dispositive of this contention is Rule 44.1, ARCP, not cited to us by counsel for either party, which provides as follows:
 "The party who intends to raise an issue concerning the law of another state or of any territory or dependency of the *Page 398 
United States or of a foreign country shall give notice in his pleadings or other reasonable written notice. The Court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under Rule 43. The court's determination shall be treated as a ruling on a question of law."
We initially note our opinion that the pleadings indicated the Director intended to raise an issue of foreign law.
Furthermore, the record reveals that the trial judge made the following remarks during the course of the proceeding:
 "MR. MOONEYHAM: I still object to the form of allowing him to testify as to what the law of the State of Georgia is. I don't think he is competent. It's not the best evidence as to what the law of Georgia is.
 "THE COURT: Well, if he misstates it, I will have a chance to correct it; because I am going to examine that Code.
. . . . .
 "MR. MOONEYHAM: Your Honor, I'm going to object to what the State of Georgia reports to him. That's hearsay.
 "THE COURT: Overruled. This thing is going off on a question of law anyway.
. . . . .
 "MR. MOONEYHAM: Now, we object to that for the record again. It's not the best evidence.
 "THE COURT: Yes, I'm going to examine that section of the Georgia Code.
. . . . .
 "THE COURT: And I want a copy of the Georgia statute dealing with this matter. You have it in your office.
"MR. NEUMANN: Yes, Sir, I have it in my office."
Assuming without deciding that admission of the sergeant's testimony was error under Rule 44.1, it was error without injury. Rule 45, ARAP. As shown by the above, the trial judge made his own inquiry into the provisions of the Georgia law, as is specifically permitted by Rule 44.1, ARCP. Rule 44.1 further provides that issues of foreign law are to be determined as questions of law, with the result that the pertinent foreign law does not have to be proven as a fact. We note that Rule 44.1 thus abrogated the prior Alabama law on the subject, as cited to us by counsel for appellant, which required matters of foreign law to be pleaded and proven as facts. For a good discussion of Rule 44.1, see Wright and Miller, FederalPractice and Procedure: Civil §§ 2441-47, and particularly § 2444 concerning proof of foreign law.
We thus hold that no reversible error was committed by the trial judge in this regard, as contended by counsel for appellant.
Counsel for appellant further argues that the trial court erred to reversal by allowing the State Trooper Sergeant to testify as to the effect under Alabama law of a bail forfeiture. The effect of such a bail forfeiture is also a question of law, not required to be proven as a fact, so that any error by the trial court in admitting the sergeant's testimony was harmless under Rule 45, ARAP.
All issues presented having been considered, and there being no error to reversal in the record, the case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 399