BRADLEY, Judge.
A jury returned a verdict for plaintiff in the amount of $1,000 without interest in plaintiff’s suit to enforce a Mississippi judgment. Plaintiff moved for a new trial on the grounds of the inadequacy of the verdict. This motion was deemed denied after the lapse of ninety days pursuant to Rule 59.1, ARCP, and plaintiff appeals. We agree with plaintiff that his motion for a new trial should have been granted, and reverse.
The record reveals that in February 1965 plaintiff Diaz, a Mississippi resident, obtained a consent judgment in the amount of $6,000 against defendant Chapman, an Alabama resident, in the Circuit Court of Lauderdale County, State of Mississippi. This judgment arose out of an automobile accident in Mississippi in which an automobile driven by defendant struck plaintiff’s vehicle, killing plaintiff’s wife. As a result of this accident, defendant was convicted of manslaughter by a Mississippi court and served approximately two and one-half years of a fifteen year sentence. Upon release from prison in December 1967, defendant returned to Alabama and has since resided in this state.
In September 1973 plaintiff filed a complaint in Choctaw Circuit Court seeking to collect the six thousand dollar Mississippi judgment, plus interest. After hearing the evidence at trial in October 1978, the jury returned a verdict for plaintiff in the amount of $1,000 with no interest.
Plaintiff moved for a new trial alleging as grounds therefor that the verdict was grossly inadequate, contrary to the great weight of the evidence, and the product of improper motives of the jury. Additionally, plaintiff alleged that the trial court erred in its instructions to the jury regarding his claim for interest on the unpaid judgment. The trial court never ruled on plaintiff’s motion for new trial.
Plaintiff’s principal contentions on appeal to this court are, essentially, an expansion of the grounds stated in his motion for new trial. On the other hand defendant argues (1) that the balance owed by defendant on the Mississippi judgment was uncertain and thus presented a jury question, citing Summerlin v. Robinson, 42 Ala.App. 116, 154 So.2d 685 (1963); (2) that the jury returned a verdict it thought was fair and equitable *341 under the circumstances; and (3) that Mississippi’s seven year statute of limitations relating to actions to enforce domestic judgments hits now expired, rendering the judgment void in Mississippi and thus the judgment should also be void in Alabama.
This court is mindful of the general rule that jury verdicts are presumed correct and that this presumption of correctness is strengthened upon the trial court’s refusal to grant a new trial motion. E. g., Roland v. Krazy Glue, Inc., Ala.Civ.App., 342 So.2d 383 (1977).
However, when it appears that the verdict cannot be sustained on any reasonable hypothesis of fact founded on the evidence, the verdict must be held to have been the result of compromise or mistake and must be set aside. Hargrave v. Davis-Hunt Cotton Co., 294 Ala. 697, 321 So.2d 178 (1975). Where there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial. Smith v. Cullen, 270 Ala. 92, 116 So.2d 582 (1959).
After careful review of this record, we conclude that the verdict is totally unsupported by the evidence and that plaintiff is entitled to a new trial. The record indicates that prior to the commencement of defendant’s prison term in Mississippi, defendant had made one or more small payments to plaintiff toward the satisfaction of the $6,000 consent judgment. Defendant’s own testimony indicated that the total amount of the payments made was roughly less than $500, or something like a couple of payments of $75. Even when viewed in a light most favorable to defendant, the evidence and reasonable inferences drawn therefrom cannot support the jury’s implicit finding that defendant had paid $5,000 of the $6,000 judgment. This complete absence of evidentiary support requires a reversal of the lower court’s action. Smith v. Cullen, supra.
Nor do we find persuasive the case of Summerlin v. Robinson, supra, cited by defendant for the proposition that where the quantum of damages is not susceptible of an exact pecuniary estimate, the amount to be allowed rests largely in the discretion of the jury. While agreeing with this general rule, we do not read Summerlin as standing for the principle that a jury may return a verdict which is completely unsupported by the evidence. In the case at bar such a verdict was returned and reversal is required.
Defendant-appellee argues that the Mississippi statute of limitations of seven years (applicable to suits for the enforcement of Mississippi judgments) has run and that the judgment now unenforceable in Mississippi should likewise be unenforceable in this state. The Mississippi statute is currently codified as Miss.Code Ann. 1972, § 15-1—43 (formerly Miss.Code Ann. 1942, Tit. 6, § 733). We view this argument as the proper subject of a cross-appeal and thus not properly presented in this appeal by plaintiff. See Boswell v. Samson Banking Co., Ala.Civ.App., 368 So.2d 547 (1978), cert. den. Ala., 368 So.2d 552 (1979).
Further, the argument overlooks the effect of a companion statute, Miss.Code Ann. 1972, § 15-1-63 (formerly Miss.Code Ann. 1942, Tit. 6, § 740) providing, in essence, that the absence from and residence outside the state of Mississippi by a party against whom a cause of action has accrued tolls the running of the statute of limitations until such time as the party returns to the state. For a similar statute see Code of» Alabama 1975, § 6-2-10. Defendant’s argument, even if it were properly presented, appears to be without merit since the parties stipulated below that, excluding the period of time spent in the Mississippi penal system, defendant has always resided in Alabama.
Finally, plaintiff argues that the trial court erred by charging that in a suit upon a judgment or decree of another state (here, Mississippi), no interest can be allowed unless proof is made of the law prescribing the rate of interest in that state. Defendant contends that there is no error in that portion of the charge since it merely restates the principle enunciated by the Alabama Supreme Court in Harrison and Saunders v. Harrison, 20 Ala. 629 (1852).
*342 We agree with plaintiff that under Rule 44.1, ARCP, the court’s oral charge regarding interest on the judgment was erroneous. Rule 44.1 provides in relevant part:
The party who intends to raise an issue concerning the law of another state . shall give notice in his pleadings or other reasonable written notice. The Court, in determining such law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under Rule 43. The court’s determination shall be treated as a ruling on a question of law.
This court stated in Goodman v. Director of the Department of Public Safety, Ala. Civ.App., 332 So.2d 396 (1976): “Rule 44.1 provides that issues of foreign law are to be determined as questions of law, with the result that the pertinent foreign law does not have to be proven as a fact.” Of course, the better practice would be to prove foreign law by written or oral expert testimony accompanied by extracts from foreign legal materials. See Rule 44.-1, ARCP, and committee comments thereto. The trial court may request that the party asserting a proposition of foreign law provide the court with the relevant foreign authorities. E. g., Goodman v. Director of the Department of Public Safety, supra.
Plaintiff claimed interest on the judgment in his complaint, thus satisfying the “reasonable notice” requirement of Rule 44.1. We cannot agree that his failure to prove as fact the relevant Mississippi interest rate precludes his recovery of interest. To the extent that Harrison and Saunders v. Harrison, supra, conflicts with Rule 44.1, ARCP, that case is superseded by Rule 44.1. See Frost v. Whitfield, Ala., 353 So.2d 1154 (1977); and Jones v. Jones, 293 Ala. 39, 299 So.2d 729 (1974) (indicating that the current procedure for determination- of foreign law is provided for in Rule 44.1, ARCP).
For the foregoing reasons we hold that the trial court erred in failing to grant plaintiff’s motion for a new trial.
This case is reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P. J., and HOLMES, J., concur.