HOLMES, Judge.
This is an appeal from the denial of a Rule 59(e), ARCP, motion to vacate a judgment of garnishment.
The defendant, following the entry of a judgment of garnishment against his employer, moved to vacate the judgment on the grounds that he had not received notice of the issuance of the writ of garnishment and that he had not received notice of the filing of the garnishee’s answer. This motion was denied and the defendant appeals.
The dispositive issue is whether the learned trial judge abused his discretion in denying the Rule 59(e) motion. We are reluctantly compelled to find such abuse and reverse.
The record reveals the following facts:
The plaintiff and defendant were divorced by the Circuit Court of Mobile County in January, 1979.
The defendant is an apparent employee of the garnishee, C. H. Masland & Sons.
In September, 1979, the plaintiff filed an affidavit for garnishment naming C. H. Masland & Sons as garnishee. The plaintiff claimed the defendant was in arrears in the payment of alimony, child support, and attorney’s fees. A writ of garnishment was issued and notice of the issuance of this writ was sent by first class mail to the defendant’s last known address.
An answer to the writ of garnishment was duly filed by the garnishee. There is nothing in the record to indicate that defendant was given notice of the filing of the answer of the garnishee, nor is it so contended by able and distinguished counsel for plaintiff.
On March 12, 1980, the trial court found the defendant to be in arrears in the payment of alimony, child support, and attorney’s fees and entered a judgment of garnishment against the garnishee in the amount of the arrearage. On April 3, 1980, the defendant filed the aforementioned Rule 59(e) motion. This motion was denied on May 19, 1980. Hence, this appeal.
With respect to the defendant’s contention that he did not receive notice of the filing of the garnishee’s answer, we find § 6-6-450, Code of Ala.1976, to be controlling.
Code section 6-6-450 in pertinent part provides:
The garnishee must answer under oath according to the terms of the garnishment; and, upon filing, the clerk or register shall give the plaintiff and defendant notice ....
As indicated above, there is nothing in the record to show that the defendant was given notice of the filing of the garnishee’s answer. Code section 6-6-450 clearly requires that the defendant be given such notice. We, therefore, find that the notice provisions of § 6-6-450 have not been followed.
The scope of review of an order denying a Rule 59(e) motion is whether there has been a manifest abuse of discretion. Sanders v. Sanders, Ala.Civ.App., 342 So.2d 380 (1977).
In view of the lack of notice of the filing of the garnishee’s answer, as mandated by § 6-6-450, and considering the timeliness of the defendant’s motion, we find the trial court abused its discretion in denying the defendant’s Rule 59(e) motion to vacate the judgment.
*1049 In this instance, where the record reveals a statutory “notice” requirement has not been complied with, it is the duty of the trial judge to grant a motion to vacate the judgment. See, Diaz v. Chapman, Ala., 373 So.2d 339 (1979).
The above being dispositive, it is unnecessary to consider the other issues presented by the defendant. Specifically, we determine that it is not necessary to decide whether or not service by first class mail of the notice of the issuance of the writ of garnishment is sufficient. In fact, we specifically do not decide that question.
The plaintiff’s request for an award of attorney’s fees for representation on this appeal is denied.
The case is due to be reversed and is hereby reversed.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.