The administratrix of the estate of George Carrier Blume, deceased, appeals from a judgment of the Probate Court of Mobile County holding that two natural sons of Blume, who were later adopted by their mothers' spouses, were entitled to share in Blume's estate. The issue is whether the adoption of Blume's sons by their stepfathers cuts off their right to inherit from Blume.
Blume died intestate in March 1991. At the time of his death, he resided in Mobile County, Alabama. His estate consists entirely of personal property located in Mobile County. Two of Blume's natural children from former marriages, Christopher B. Holmes and George H. Spikes, claim proportionate shares of the estate.
The relevant facts are as follows: Blume married Jane Warfield Breen. Prior to their divorce, they had a son named Christopher, who was born in Jacksonville, Florida. They divorced, and Jane W. Breen later married Dan Newman Holmes, who subsequently adopted Christopher in Florida. Thus, Blume's son by this marriage took the name Christopher B. Holmes. Blume then married Nunna G. Allen. During their marriage they had a child whom they named George C. Blume, Jr. After Blume and Nunna Allen divorced, she married Clayton H. Spikes, who later adopted George in Virginia. His name became George H. Spikes. Blume consented to both adoptions.
The probate court issued letters of administration to Sylvia Raley as administratrix of the estate of George C. Blume. Raley filed a "Petition for Instruction," seeking a judicial determination of whether Christopher B. Holmes and George H. Spikes were entitled to share in Blume's estate. After the administratrix filed that petition, Christopher B. Holmes and George H. Spikes filed a claim seeking proportionate shares of the estate. The administratrix subsequently filed an objection to the claim. After considering the parties' pleadings and arguments, the probate court entered a judgment, made final pursuant to Rule 54(b), Ala.R.Civ.P., holding that the claimants were entitled to share in the estate.
Raley argues that the law of the state of adoption, and not the law of the decedent's domicile, applies to determine whether the natural sons of the decedent, who were adopted in foreign jurisdictions and who have never lived in Alabama, are entitled to share in the estate. The administratrix argues that because Christopher B. Holmes was adopted in Florida, Florida law applies to determine whether he is entitled to share in the estate. Likewise, because George H. Spikes was adopted in Virginia, the administratrix contends that Virginia law applies to the question of his right to share in the estate.
The traditional rule in Alabama has been "that the descent and distribution of personal property (movables) is governed by the laws of the domiciliary state at the time of death."Jones v. Jones, 293 Ala. 39, 42, 299 So.2d 729, 729 (1974); see also Nora v. Nora, 494 So.2d 16, 18 (Ala. 1986) (Beatty, J., dissenting); McGuire v. Andre, 259 Ala. 109, 117, 65 So.2d 185,192 (1953); Hall v. Proctor, 242 Ala. 636, 641, 7 So.2d 764,767 (1942); McGhee v. Alexander, 104 Ala. 116, 120, 16 So. 148,149 (1894); Johnson v. Copeland's Adm'r, 35 Ala. 521 (1860). Because Blume's entire estate consists of personal property and because he was a resident of Alabama when he died, Alabama's laws of intestate succession govern the question of whether the claimants are entitled to a share of Blume's estate.
Raley argues that even under Alabama law, a child adopted by the spouse of one natural parent cannot inherit from the other natural parent. Section 43-8-48, Ala. Code 1975, provides:
 "If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person:
 "(1) An adopted person is the child of an adopting parent and not of the *Page 1019 
natural parents except that adoption of a child by the spouse of a natural parent has no effect on the right of the child to inherit from or through either natural parent;"
(Emphasis added.) Thus, under § 43-8-48(1), the general rule is that after an adoption a relationship of child and parent exists between the adopted child and the adopting parent or parents, but not between the adopted child and the child's natural parents. The statute, however, creates an exception when a spouse of one of the natural parents adopts the child.
The administratrix contends that the statutory language "adoption of a child by the spouse of a natural parent has noeffect on the right of the child to inherit from or through either natural parent" does not confer any rights, but merely preserves those rights existing in the adoption statutes at the time of the enactment of § 43-8-48. She argues that before a 1984 amendment, § 26-10-5(c), Ala. Code 1975, granted adopted children the right to inherit not only from their adoptive parents, but also from their natural parents. Section26-10-5(c) was amended in 1982 and 1984 and repealed in 1991. Citing Barnett v. Beck, 481 So.2d 348 (Ala. 1985), the administratrix asserts that Act No. 84-254, 1984 Ala. Acts, amended § 26-10-5 by removing the language that gave adopted children a right to inherit from their natural parents. InBarnett, this Court stated in dicta:
 "Section 26-10-5, prior to its amendment effective May 7, 1984, gave an adopted child the right of a double inheritance in that the child could inherit not only from its adoptive parents, but from its natural parents as well. The 1984 amendment, however, removed from the former statute the language which allowed the adopted child to inherit property from its natural parents."
Barnett, 481 So.2d at 350 (citation omitted). Although the legislature repealed § 26-10-5 in 1991, 1991 Ala. Acts, No. 91-554, the administratrix contends that § 43-8-48 of the Probate Code merely preserved whatever rights adopted children had under § 26-10-5 before its repeal. The administratrix argues that since § 26-10-5 granted adopted children no right to inherit from their natural parents after 1984, no such right exists now under § 43-8-48.
The administratrix confuses the statutory history and ignores the plain language of § 43-8-48. From 1931 until 1982, adopted children had the right under Alabama's adoption statutes to inherit not only from their adoptive parents but also from their natural parents. See 1931 Ala. Acts, Act No. 405. Like the 1931 act, tit. 27, § 5, of the 1940 Code and § 26-10-5(c) of the 1975 Code stated, "Nothing in this chapter shall be construed as debarring a legally adopted child from inheriting property from its natural parents or other kin." See also tit. 27, § 5, of the 1940 Code as recompiled in 1958 (containing identical language).
In 1982, not 1984, the legislature amended § 26-10-5(c) of the "Adoption" chapter of title 26, deleting the language, quoted above, which had provided for an adopted child's right to inherit from both the adoptive and the natural parents.[1]
1982 Ala. Acts, No. 82-399, § 8-102(b). In the same Act, however, the legislature enacted a modified version of Uniform Probate Code ("UPC") § 2-109, now codified as § 43-8-48.[2] 1982 Acts, No. 82-399, § 2-109. Section 43-8-48 retains, in limited form, that part of former § 26-10-5(c) that, before the amendment in 1982, had allowed adopted *Page 1020 
children to inherit from or through their natural parents. See commentary to § 43-8-48, Ala. Code 1975.[3] Thus, contrary to the appellant's argument and the dicta in Barnett v. Beck,481 So.2d 348, 350 (Ala. 1985), the legislature did not abolish, either in 1984 or in 1982, the right of adopted children to inherit from their natural parents. Act No. 82-399 merely deleted from § 26-10-5 the language providing for this right in the adoption statutes and inserted it in the modified version of UPC § 2-109, which was later codified at § 43-8-48.
Moreover, a plain reading of § 43-8-48 requires the same conclusion. Immediately after stating that an adopted child is not the child of his or her natural parents for purposes of intestate succession, § 43-8-48 creates an exception for children adopted by a stepparent. To give this latter provision the construction advocated by the administratrix would render it meaningless.
The law of Blume's domicile, Alabama, governs the question of whether the claimants have a right to share in Blume's estate. Because § 43-8-48 allows a child adopted by the spouse of a natural parent to inherit from either natural parent, we affirm the judgment of the probate court.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The 1984 amendment to § 26-10-5, to which the administratrix refers, only inserted language granting natural grandparents of adopted children visitation and custody rights in some circumstances. 1984 Ala. Acts, No. 84-254.
[2] Before its amendment in 1975, UPC § 2-109 did not permit a child adopted by a natural parent's spouse to inherit from or through the child's other natural parent or kin. UPC § 2109 (1969). The present version of § 2-109(1) provides that "an adopted person is the child of an adopting parent and not of the natural parents except that adoption of a child by thespouse of a natural parent has no effect on the relationshipbetween the child and either natural parent." UPC § 2-109 (1989).
[3] The commentary to § 43-8-48 states in pertinent part: "The provisions in this section are essentially the provisions of UPC § 2-109, except that subdivision (1) has been changed relative to the rights of the adopted child to continue to inherit from natural parents. The change is a retention of Alabama law (§ 26-10-5(c)) on this point."
This Court notes, however, that the present provision of § 43-8-48 and the provisions of former § 26-10-5(c) are not the same. For example, former § 26-10-5(c) allowed all adopted children to inherit from their natural parents, but § 43-8-48
retains that right only for children adopted by a stepparent.