**In re Julio C. BANDERAS, Debtor.**

**Bankruptcy No. 97–16392–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 10, 1999.

Julio C. Banderas, Cape Coral, FL, pro se.

Alan P. Woodruff, Cape Coral, FL, for trustee.

Diane L. Jensen, Ft. Myers, FL, trustee.

Mark Hildreth, Sarasota, FL, for Dr. Alexander N. Doman.

## ORDER ON MOTION TO AVOID JUDICIAL LIEN

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 liquidation case and the matter before this Court is a Motion to Avoid Judicial Lien filed by Julio C. Banderas (Debtor). The judicial lien sought to be avoided is held by Dr. Alexander M. Doman (Doman). The facts relevant to the relief sought by the Debtor as they appear from the record are undisputed and are briefly summarized as follows:

Prior to the commencement of this case, Doman was involved in extensive and prolonged litigation with the Debtor in the State of Georgia. The litigation was ultimately concluded by the entry of a Final Judgment in favor of Doman and against the Debtor in the principal amount of $832,447.62 plus interest at the legal rate of twelve percent by the Superior Court for Clayton County, Georgia (Judgment). Some time after the entry of the Judgment the Debtor relocated to the State of Florida and purchased a residential home in Cape Coral, Florida, where he has resided ever since with his nondebtor spouse, Deborah A. Banderas. The property is owned by the Debtor and his wife as tenants by the entireties.

On October 3, 1997, the Debtor filed his voluntary Petition for Relief under Chapter 7. Doman domesticated the Judgment and placed a certified copy of the Judgment in the public records of Lee County, Florida,

On Schedule C, the Debtor listed as his homestead the Cape Coral residence. His claim of exemption was ultimately recognized and his residence was allowed as exempt from administration by the Trustee. It is without dispute that the Debtor placed his residence on the market but on the date of the commencement of the case and even at this time, the home has not sold. The Debtor and his wife are still occupying the same as their homestead.

The Motion under consideration filed by the Debtor is based on Section 522(f)(1) of the Bankruptcy Code. The Debtor seeks to avoid the Judgment as a judicial lien because it impairs the Debtor's right to gain full benefit of his homestead exemption established by Article X, Section 4, of the Florida Constitution. Doman filed an extensive response to the Motion and contends that while he does not dispute that the property was claimed and allowed as exempt, the Debtor cannot avoid the lien based on the Florida Supreme Court case, *Orange Brevard Plumbing and Heating Co. v. LaCroix,* 137 So.2d 201 (Fla.1962). Doman contends that his judgment lien should not be avoided and the exemption cannot be allowed in toto but should be limited to the amount actually invested by the Debtor in a new homestead. The reliance by Doman on *Orange Brevard, supra,* in opposition to the Motion completely misses the mark for the following reasons.

First, in *Orange Brevard, supra,* the dispute centered around the proceeds of a homestead which was already sold and which the creditor attempted to reach. Under these facts the Supreme Court of Florida held that the proceeds from the voluntary sale of a homestead remains exempt from claims of creditors just as the homestead itself was exempt, but only if the homeowner who sold the property established by a preponderance of the evidence that he had an abiding good faith intention prior to the time of the sale to reinvest the proceeds in another homestead within a reasonable time.

Unlike the fact situation in *Orange Brevard* where the homestead was already sold, the property involved in the present instance, albeit on the market, has not been sold. More importantly, it was owned on the date of the commencement of this case and is still owned by the Debtor and his wife.

This leads to the second point, which was not really urged by the Debtor. The homestead is tenancy by the entireties property. The judgment lien could never have attached to this property to begin with for the simple reason that the judgment is only against the Debtor and not against Deborah C. Banderas. A Judgment against one of the tenants to an estate by the entireties is not a lien on any part of the estate, and gives the creditor no interest in the property. The property is free and clear from judgments or the execution of liens against either of them. *Liberman v. Kelso*, 354 So.2d 137 (2d DCA Fla.1978). *See also In re Ware*, 99 B.R. 103 (Bankr.M.D.Fla.1989) ("Under bankruptcy and Florida law, the material time which determines whether a lien will prevail over a claim to a homestead exemption is that of the attachment of the lien"). This is so because under Florida law, tenancy by the entireties is an indivisible tenancy. *See Merrill v. Adkins*, 131 Fla. 478, 180 So. 41 (Fla.1938); *United States v. One Single Family Residence With Out Buildings Located at 15621 S.W. 209th Ave., Miami, Fla.*, 894 F.2d 1511 (11th Cir.1990).

In sum, it is clear from the foregoing, that the judgment lien of Doman is unenforceable and avoidable by the Debtor and the property is free and clear of any lien claim of Doman. In accordance with the foregoing, this court is satisfied that the Motion should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Avoid Judicial Lien be, and the same is hereby, granted. The Final Judgment entered in favor of Alexander N. Doman and against the Debtor, Julio C. Banderas, M.D., recorded in the Public Records of Lee County, Florida, in O.R. Book 2826, Page 2737, is a judicial lien which impairs the Debtor's homestead exemption with respect to the following described property:

Lots 31, 32, 33, Unit 3, Block 173, Cape Coral Subdivision, according to the Plat thereof recorded in Plat book 12, page 79, Public Records of Lee County, Florida (5003 Pelican Boulevard, Cape Coral, Florida).

The judicial lien is hereby avoided and is unenforceable.